**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PH HEALTH LIMITED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| SOMERSET THERAPEUTICS, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff PH Health Limited ("PH Health" or "Plaintiff"), by and through its undersigned counsel, hereby alleges against Defendant Somerset Therapeutics, LLC ("Somerset" or "Defendant") as follows:

## NATURE OF THE ACTION

1.    This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, arising from Somerset's submission of Abbreviated New Drug Application ("ANDA") No. 219356 to the United States Food and Drug Administration ("FDA"), seeking approval to market a generic version of PH Health's VASOSTRICT® (vasopressin) 20 units/100ml and 40 units/100ml solution ("Somerset's ANDA Products") before the expiration of U.S. Patent Nos. 9,919,026 ("the '026 patent"), 9,925,233 ("the '233 patent"), 9,925,234 ("the '234 patent"), 9,962,422 ("the '422 patent"), 9,968,649 ("the '649 patent"), 9,974,827 ("the '827 patent"), 9,981,006 ("the '006 patent"), 10,010,575 ("the '575 patent"), and 12,186,362 ("the '362 patent") (collectively "the Patents-in-Suit").

## THE PARTIES

2.      Plaintiff PH Health Limited is a limited liability company organized and existing under the laws of Ireland, having its principal place of business at First Floor, Minerva House, Simmonscourt Road, Ballsbridge, Dublin 4, Ireland. PH Health markets and sells pharmaceutical products, including injectable pharmaceutical products.

3.      Upon information and belief, Defendant Somerset Therapeutics, LLC is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at 300 Franklin Square Drive, Somerset, New Jersey 08873 and an established and regular place of business at 6100 Hollywood Blvd., Hollywood, Florida 33024. On information and belief, Somerset has a registered agent for service of process, Incorp Services, Inc., located at 131 Continental Drive, Suite 301, Newark, Delaware 19713. On information and belief, Somerset is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the United States market, including in this judicial district.

## JURISDICTION AND VENUE

4.      This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 *et. seq.*, and jurisdiction is proper under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

5.      On information and belief, this Court has personal jurisdiction over Somerset because it is a Delaware limited liability company. On information and belief, Somerset maintains pervasive, continuous, and systematic contacts with the State of Delaware through the marketing, distribution, and sale of generic versions of branded pharmaceutical products in the State of Delaware and by deriving substantial revenue from the importation and sale of its products in the

State of Delaware. Further, Somerset plans to sell Somerset's ANDA Products in the State of Delaware, which provides an independent basis for personal jurisdiction here.

6.    On information and belief, Somerset filed the ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the generic product described in the ANDA in the United States, including in the State of Delaware.

7.    This Court has personal jurisdiction over Somerset because, on information and belief, Somerset derives substantial revenue from directly or indirectly selling generic pharmaceutical products and/or pharmaceutical ingredient(s) used in generic pharmaceutical products sold throughout the United States, including in this judicial district.

8.    Upon information and belief, Somerset is in the business of, among other things, the development, manufacturing, importation, marketing, sale, and distribution of generic pharmaceutical products throughout the United States, including in this judicial district. Somerset's website states that Somerset has a "vision to develop and commercialize generic injectable products in the U.S."[1]

9.    This Court has personal jurisdiction over Somerset because, inter alia, Somerset has committed an act of patent infringement under 35 U.S.C. § 271(e)(2) and intends a future course of conduct that includes acts of patent infringement in the State of Delaware. These acts have led and will lead to foreseeable harm and injury to PH Health in the State of Delaware. Further, on information and belief, following the FDA's approval of the ANDA, Somerset will make, use, import, sell, and/or offer for sale its ANDA Products in the United States, including in the State of Delaware, prior to the expiration of the Patents-in-Suit.

---

[1] https://somersetpharma.com/history/ (last accessed December 19, 2025).

10.     On information and belief, this Court also has personal jurisdiction over Somerset because it has previously availed itself of the legal protections of the State of Delaware by, among other things, not contesting jurisdiction in this judicial district or venue, and pursuing counterclaims in this judicial district, including in at least *AVEO Pharmaceuticals, Inc., v. Somerset Therapeutics, LLC et al.,* C.A. No. 1:25-cv-00560-MN, ECF No. 9 (D. Del. July 8, 2025); and *Astellas Pharma Inc. et al. v. Renata Limited et al.,* C.A. No. 1:25-cv-01383-MN-EGT, ECF No. 12 (D. Del. Dec. 8, 2025).

11.     Venue is further proper in this Court under 28 U.S.C. §§ 1391 and/or 1400(b), at least because, on information and belief, Somerset is incorporated in the State of Delaware and thus resides in this judicial district.

## THE PATENTS-IN-SUIT

12.     The '026 patent, entitled "Vasopressin Formulations for Use in Treatment of Hypotension," was issued by the United States Patent and Trademark Office ("the USPTO") on March 20, 2018. The '026 patent names Matthew Kenney, Vinayagam Kannan, Sunil Vandse, and Suketu Sanghvi as inventors. PH Health is the assignee of the '026 patent. A true and correct copy of the '026 patent is attached as Exhibit A.

13.     The '233 patent, entitled "Vasopressin Formulations for Use in Treatment of Hypotension," was issued by the USPTO on March 27, 2018. The '233 patent names Matthew Kenney, Vinayagam Kannan, Sunil Vandse, and Suketu Sanghvi as inventors. PH Health is the assignee of the '233 patent. A true and correct copy of the '233 patent is attached as Exhibit B.

14.     The '234 patent, entitled "Vasopressin Formulations for Use in Treatment of Hypotension," was issued by the USPTO on March 27, 2018. The '234 patent names Matthew

Kenney, Vinayagam Kannan, Sunil Vandse, and Suketu Sanghvi as inventors. PH Health is the assignee of the '234 patent. A true and correct copy of the '234 patent is attached as Exhibit C.

15.    The '422 patent, entitled "Vasopressin Formulations for Use in Treatment of Hypotension," was issued by the USPTO on May 8, 2018. The '422 patent names Matthew Kenney, Vinayagam Kannan, Sunil Vandse, and Suketu Sanghvi as inventors. PH Health is the assignee of the '422 patent. A true and correct copy of the '422 patent is attached as Exhibit D.

16.    The '649 patent, entitled "Vasopressin Formulations for Use in Treatment of Hypotension," was issued by the USPTO on May 15, 2018. The '649 patent names Matthew Kenney, Vinayagam Kannan, Sunil Vandse, and Suketu Sanghvi as inventors. PH Health is the assignee of the '649 patent. A true and correct copy of the '649 patent is attached as Exhibit E.

17.    The '827 patent, entitled "Vasopressin Formulations for Use in Treatment of Hypotension," was issued by the USPTO on May 22, 2018. The '827 patent names Matthew Kenney, Vinayagam Kannan, Sunil Vandse, and Suketu Sanghvi as inventors. PH Health is the assignee of the '827 patent. A true and correct copy of the '827 patent is attached as Exhibit F.

18.    The '006 patent, entitled "Vasopressin Formulations for Use in Treatment of Hypotension," was issued by the USPTO on May 29, 2018. The '006 patent names Matthew Kenney, Vinayagam Kannan, Sunil Vandse, and Suketu Sanghvi as inventors. PH Health is the assignee of the '006 patent. A true and correct copy of the '006 patent is attached as Exhibit G.

19.    The '575 patent, entitled "Vasopressin Formulations for Use in Treatment of Hypotension," was issued by the USPTO on July 3, 2018. The '575 patent names Matthew Kenney, Vinayagam Kannan, Sunil Vandse, and Suketu Sanghvi as inventors. PH Health is the assignee of the '575 patent. A true and correct copy of the '575 patent is attached as Exhibit H.

20.    The '362 patent, entitled "Vasopressin Formulations for Use in Treatment of Hypotension," was issued by the USPTO on January 7, 2015. The '362 patent names Matthew Kenney, Vinayagam Kannan, Sunil Vandse, and Suketu Sanghvi as inventors. PH Health is the assignee of the '362 patent. A true and correct copy of the '362 patent is attached as Exhibit I.

### VASOSTRICT®

21.    Vasopressin, the active ingredient in VASOSTRICT®, is a polypeptide hormone that causes contraction of vascular and other smooth muscle cells. VASOSTRICT® is a lifesaving drug often used when the blood pressure of a critical care patient drops precipitously.

22.    On September 25, 2012, JHP Pharmaceuticals, LLC ("JHP") submitted New Drug Application ("NDA") No. 204485, under § 505(b)(2) of the Federal Food, Drug, and Cosmetic Act ("FFDCA"), seeking FDA approval for a vasopressin injection product to increase blood pressure in adults with vasodilatory shock (e.g., post-cardiotomy shock or septic shock). On April 17, 2014, the FDA approved NDA No. 204485 as the first FDA-approved vasopressin injection product for use in a clinical setting in the United States.

23.    On February 20, 2014, Par Pharmaceutical Companies, Inc. acquired JHP. On February 26, 2014, JHP changed its name to Par Sterile Products, LLC ("Par Sterile").

24.    After the JHP acquisition, Par Sterile became the holder of NDA No. 204485, including all supplements thereto, for VASOSTRICT®.

25.    Par Sterile submitted a supplemental NDA, including for approval of 40 units/100 mL and 20 units/100 mL presentations of VASOSTRICT® ("VASOSTRICT® Premixed Products"), which the FDA approved on April 15, 2020 and April 21, 2021, respectively.

26.     According to the FDA-approved prescribing information, VASOSTRICT® is indicated "to increase blood pressure in adults with vasodilatory shock who remain hypotensive despite fluids and catecholamines."

27.     Par Pharmaceutical Inc. ("Par Pharmaceutical") and Par Sterile then transferred their respective businesses related to vasopressin, including their business related to NDA No. 204485, to Endo USA which then assigned it to Endo Operations Limited.

28.     Endo Operations Limited then transferred its respective businesses related to vasopressin, including their business related to NDA No. 204485, to PH Health.

29.     PH Health is the holder of NDA No. 204485, including all supplements thereto, for VASOSTRICT®.

30.     PH Health's affiliate, Par Health, Inc., is the exclusive distributor for VASOSTRICT® in the United States.

31.     The Patents-in-Suit are listed in the FDA's publication Approved Drug Products with Therapeutic Equivalence Evaluations (the "Orange Book").

32.     As indicated in the Orange Book, the expiration date for the Patents-in-Suit is January 30, 2035.

## SOMERSET'S ANDA AND NOTICE LETTER

33.     Upon information and belief, Somerset submitted ANDA No. 219356 to the FDA, which included a certification with respect to the Patents-in-Suit under Section 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355) ("Paragraph IV Certification"), seeking approval to engage in the commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of Vasopressin Injection,

20 units/100 ml and 40 units/100 ml solution for intravenous use ("Somerset's ANDA Products")
before the expiration of the Patents-in-Suit.

34.     No earlier than November 4, 2025, Somerset sent written notice of its Paragraph
IV Certification to PH Health ("Somerset's Notice Letter"). Somerset's Notice Letter alleged that
the claims of the Patents-in-Suit are invalid, unenforceable, and/or will not be infringed by the
manufacture, use, sale, or offer for sale in the United States or importation into the United States
of Somerset's ANDA Products.

35.     Upon information and belief, following FDA approval of Somerset's ANDA,
Somerset will make, use, sell, or offer to sell Somerset's ANDA Products throughout the United
States, or import such products into the United States.

36.     Somerset's submission of its ANDA to the FDA, and any commercial manufacture,
use, offer to sell, sale, and/or importation of Somerset's ANDA Products, has infringed and will
infringe the Patents-in-Suit, as detailed below.

37.     In the Notice Letter, Somerset made an offer of confidential access to portions of
its ANDA.

38.     PH Health executed the offer of confidential access and received portions of
Somerset's ANDA.

**COUNT I**
**(Infringement of the '026 Patent)**

39.     PH Health incorporates each of the preceding paragraphs as if fully set forth herein.

40.     Somerset, by submission of its Paragraph IV Certification as part of its ANDA to
the FDA, has indicated that it seeks approval to engage in the commercial manufacture, use, sale,
offer for sale, or importation into the United States of Somerset's ANDA Products, prior to the
expiration of the Patents-in-Suit on January 30, 2035.

41.     Somerset's ANDA has been pending before the FDA since at least November 4, 2025, the date that Somerset sent the Somerset Notice Letter to PH Health.

42.     The submission of Somerset's ANDA to the FDA, which seeks approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Somerset's ANDA Products before the expiration of the '026 patent, constitutes infringement by Somerset of one or more claims of the '026 patent under 35 U.S.C. § 271(e)(2)(A).

43.     Unless enjoined by this Court, upon FDA approval of Somerset's ANDA, Somerset will infringe one or more claims of the '026 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Somerset's ANDA Products into the United States. On information and belief, upon FDA approval of Somerset's ANDA, Somerset will intentionally encourage acts of direct infringement with knowledge of the '026 patent and knowledge that its acts are encouraging infringement.

44.     Unless enjoined by this Court, upon FDA approval of Somerset's ANDA, Somerset will contributorily infringe one or more claims of the '026 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Somerset's ANDA Products into the United States. On information and belief, Somerset has had and continues to have knowledge that Somerset's ANDA Products are especially adapted for a use that infringes one or more claims of the '026 patent and that there is no substantial non-infringing use for Somerset's ANDA Products.

45.     PH Health will be substantially and irreparably damaged and harmed if Somerset's infringement of the '026 patent is not enjoined.

46.     PH Health does not have an adequate remedy at law.

47.     Somerset's infringement of the '026 patent would be willful, wanton, and deliberate.

48.     There is a justiciable controversy between the parties as to the infringement of the '026 patent.

## COUNT II
### (Infringement of the '233 Patent)

49.     PH Health incorporates each of the preceding paragraphs as if fully set forth herein.

50.     Somerset, by submission of its Paragraph IV Certification as part of its ANDA to the FDA, has indicated that it seeks approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Somerset's ANDA Products, prior to the expiration of the Patents-in-Suit on January 30, 2035.

51.     Somerset's ANDA has been pending before the FDA since at least November 4, 2025, the date that Somerset sent the Somerset Notice Letter to PH Health.

52.     The submission of Somerset's ANDA to the FDA, which seeks approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Somerset's ANDA Products before the expiration of the '233 patent, constitutes infringement by Somerset of one or more claims of the '233 patent under 35 U.S.C. § 271(e)(2)(A).

53.     Unless enjoined by this Court, upon FDA approval of Somerset's ANDA, Somerset will infringe one or more claims of the '233 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Somerset's ANDA Products into the United States. On information and belief, upon FDA approval of Somerset's ANDA, Somerset will intentionally encourage acts of direct infringement with knowledge of the '233 patent and knowledge that its acts are encouraging infringement.

54.     Unless enjoined by this Court, upon FDA approval of Somerset's ANDA, Somerset will contributorily infringe one or more claims of the '233 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Somerset's ANDA Products into the

United States. On information and belief, Somerset has had and continues to have knowledge that Somerset's ANDA Products are especially adapted for a use that infringes one or more claims of the '233 patent and that there is no substantial non-infringing use for Somerset's ANDA Products.

55.    PH Health will be substantially and irreparably damaged and harmed if Somerset's infringement of the '233 patent is not enjoined.

56.    PH Health does not have an adequate remedy at law.

57.    Somerset's infringement of the '233 patent would be willful, wanton, and deliberate.

58.    There is a justiciable controversy between the parties as to the infringement of the '233 patent.

**COUNT III**
**(Infringement of the '234 Patent)**

59.    PH Health incorporates each of the preceding paragraphs as if fully set forth herein.

60.    Somerset, by submission of its Paragraph IV Certification as part of its ANDA to the FDA, has indicated that it seeks approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Somerset's ANDA Products, prior to the expiration of the Patents-in-Suit on January 30, 2035.

61.    Somerset's ANDA has been pending before the FDA since at least November 4, 2025, the date that Somerset sent the Somerset Notice Letter to PH Health.

62.    The submission of Somerset's ANDA to the FDA, which seeks approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Somerset's ANDA Products before the expiration of the '234 patent, constitutes infringement by Somerset of one or more claims of the '234 patent under 35 U.S.C. § 271(e)(2)(A).

63.     Unless enjoined by this Court, upon FDA approval of Somerset's ANDA, Somerset will infringe one or more claims of the '234 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Somerset's ANDA Products into the United States. On information and belief, upon FDA approval of Somerset's ANDA, Somerset will intentionally encourage acts of direct infringement with knowledge of the '234 patent and knowledge that its acts are encouraging infringement.

64.     Unless enjoined by this Court, upon FDA approval of Somerset's ANDA, Somerset will contributorily infringe one or more claims of the '234 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Somerset's ANDA Products into the United States. On information and belief, Somerset has had and continues to have knowledge that Somerset's ANDA Products are especially adapted for a use that infringes one or more claims of the '234 patent and that there is no substantial non-infringing use for Somerset's ANDA Products.

65.     PH Health will be substantially and irreparably damaged and harmed if Somerset's infringement of the '234 patent is not enjoined.

66.     PH Health does not have an adequate remedy at law.

67.     Somerset's infringement of the '234 patent would be willful, wanton, and deliberate.

68.     There is a justiciable controversy between the parties as to the infringement of the '234 patent.

## COUNT IV
### (Infringement of the '422 Patent)

69.     PH Health incorporates each of the preceding paragraphs as if fully set forth herein.

70.     Somerset, by submission of its Paragraph IV Certification as part of its ANDA to the FDA, has indicated that it seeks approval to engage in the commercial manufacture, use, sale,

offer for sale, or importation into the United States of Somerset's ANDA Products, prior to the expiration of the Patents-in-Suit on January 30, 2035.

71.     Somerset's ANDA has been pending before the FDA since at least November 4, 2025, the date that Somerset sent the Somerset Notice Letter to PH Health.

72.     The submission of Somerset's ANDA to the FDA, which seeks approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Somerset's ANDA Products before the expiration of the '422 patent, constitutes infringement by Somerset of one or more claims of the '422 patent under 35 U.S.C. § 271(e)(2)(A).

73.     Unless enjoined by this Court, upon FDA approval of Somerset's ANDA, Somerset will infringe one or more claims of the '422 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Somerset's ANDA Products into the United States. On information and belief, upon FDA approval of Somerset's ANDA, Somerset will intentionally encourage acts of direct infringement with knowledge of the '422 patent and knowledge that its acts are encouraging infringement.

74.     Unless enjoined by this Court, upon FDA approval of Somerset's ANDA, Somerset will contributorily infringe one or more claims of the '422 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Somerset's ANDA Products into the United States. On information and belief, Somerset has had and continues to have knowledge that Somerset's ANDA Products are especially adapted for a use that infringes one or more claims of the '422 patent and that there is no substantial non-infringing use for Somerset's ANDA Products.

75.     PH Health will be substantially and irreparably damaged and harmed if Somerset's infringement of the '422 patent is not enjoined.

76.     PH Health does not have an adequate remedy at law.

77.    Somerset's infringement of the '422 patent would be willful, wanton, and deliberate.

78.    There is a justiciable controversy between the parties as to the infringement of the '422 patent.

## COUNT V
### (Infringement of the '649 Patent)

79.    PH Health incorporates each of the preceding paragraphs as if fully set forth herein.

80.    Somerset, by submission of its Paragraph IV Certification as part of its ANDA to the FDA, has indicated that it seeks approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Somerset's ANDA Products, prior to the expiration of the Patents-in-Suit on January 30, 2035.

81.    Somerset's ANDA has been pending before the FDA since at least November 4, 2025, the date that Somerset sent the Somerset Notice Letter to PH Health.

82.    The submission of Somerset's ANDA to the FDA, which seeks approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Somerset's ANDA Products before the expiration of the '649 patent, constitutes infringement by Somerset of one or more claims of the '649 patent under 35 U.S.C. § 271(e)(2)(A).

83.    Unless enjoined by this Court, upon FDA approval of Somerset's ANDA, Somerset will infringe one or more claims of the '649 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Somerset's ANDA Products into the United States. On information and belief, upon FDA approval of Somerset's ANDA, Somerset will intentionally encourage acts of direct infringement with knowledge of the '649 patent and knowledge that its acts are encouraging infringement.

84.     Unless enjoined by this Court, upon FDA approval of Somerset's ANDA, Somerset will contributorily infringe one or more claims of the '649 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Somerset's ANDA Products into the United States. On information and belief, Somerset has had and continues to have knowledge that Somerset's ANDA Products are especially adapted for a use that infringes one or more claims of the '649 patent and that there is no substantial non-infringing use for Somerset's ANDA Products.

85.     PH Health will be substantially and irreparably damaged and harmed if Somerset's infringement of the '649 patent is not enjoined.

86.     PH Health does not have an adequate remedy at law.

87.     Somerset's infringement of the '649 patent would be willful, wanton, and deliberate.

88.     There is a justiciable controversy between the parties as to the infringement of the '649 patent.

## <u>COUNT VI</u>
### (Infringement of the '827 Patent)

89.     PH Health incorporates each of the preceding paragraphs as if fully set forth herein.

90.     Somerset, by submission of its Paragraph IV Certification as part of its ANDA to the FDA, has indicated that it seeks approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Somerset's ANDA Products, prior to the expiration of the Patents-in-Suit on January 30, 2035.

91.     Somerset's ANDA has been pending before the FDA since at least November 4, 2025, the date that Somerset sent the Somerset Notice Letter to PH Health.

92.     The submission of Somerset's ANDA to the FDA, which seeks approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States

of Somerset's ANDA Products before the expiration of the '827 patent, constitutes infringement by Somerset of one or more claims of the '827 patent under 35 U.S.C. § 271(e)(2)(A).

93.    Unless enjoined by this Court, upon FDA approval of Somerset's ANDA, Somerset will infringe one or more claims of the '827 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Somerset's ANDA Products into the United States. On information and belief, upon FDA approval of Somerset's ANDA, Somerset will intentionally encourage acts of direct infringement with knowledge of the '827 patent and knowledge that its acts are encouraging infringement.

94.    Unless enjoined by this Court, upon FDA approval of Somerset's ANDA, Somerset will contributorily infringe one or more claims of the '827 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Somerset's ANDA Products into the United States. On information and belief, Somerset has had and continues to have knowledge that Somerset's ANDA Products are especially adapted for a use that infringes one or more claims of the '827 patent and that there is no substantial non-infringing use for Somerset's ANDA Products.

95.    PH Health will be substantially and irreparably damaged and harmed if Somerset's infringement of the '827 patent is not enjoined.

96.    PH Health does not have an adequate remedy at law.

97.    Somerset's infringement of the '827 patent would be willful, wanton, and deliberate.

98.    There is a justiciable controversy between the parties as to the infringement of the '827 patent.

## COUNT VII
### (Infringement of the '006 Patent)

99.    PH Health incorporates each of the preceding paragraphs as if fully set forth herein.

100. Somerset, by submission of its Paragraph IV Certification as part of its ANDA to the FDA, has indicated that it seeks approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Somerset's ANDA Products, prior to the expiration of the Patents-in-Suit on January 30, 2035.

101. Somerset's ANDA has been pending before the FDA since at least November 4, 2025, the date that Somerset sent the Somerset Notice Letter to PH Health.

102. The submission of Somerset's ANDA to the FDA, which seeks approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Somerset's ANDA Products before the expiration of the '006 patent, constitutes infringement by Somerset of one or more claims of the '006 patent under 35 U.S.C. § 271(e)(2)(A).

103. Unless enjoined by this Court, upon FDA approval of Somerset's ANDA, Somerset will infringe one or more claims of the '006 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Somerset's ANDA Products into the United States. On information and belief, upon FDA approval of Somerset's ANDA, Somerset will intentionally encourage acts of direct infringement with knowledge of the '006 patent and knowledge that its acts are encouraging infringement.

104. Unless enjoined by this Court, upon FDA approval of Somerset's ANDA, Somerset will contributorily infringe one or more claims of the '006 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Somerset's ANDA Products into the United States. On information and belief, Somerset has had and continues to have knowledge that Somerset's ANDA Products are especially adapted for a use that infringes one or more claims of the '006 patent and that there is no substantial non-infringing use for Somerset's ANDA Products.

105.    PH Health will be substantially and irreparably damaged and harmed if Somerset's infringement of the '006 patent is not enjoined.

106.    PH Health does not have an adequate remedy at law.

107.    Somerset's infringement of the '006 patent would be willful, wanton, and deliberate.

108.    There is a justiciable controversy between the parties as to the infringement of the '006 patent.

## COUNT VIII
### (Infringement of the '575 Patent)

109.    PH Health incorporates each of the preceding paragraphs as if fully set forth herein.

110.    Somerset, by submission of its Paragraph IV Certification as part of its ANDA to the FDA, has indicated that it seeks approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Somerset's ANDA Products, prior to the expiration of the Patents-in-Suit on January 30, 2035.

111.    Somerset's ANDA has been pending before the FDA since at least November 4, 2025, the date that Somerset sent the Somerset Notice Letter to PH Health.

112.    The submission of Somerset's ANDA to the FDA, which seeks approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Somerset's ANDA Products before the expiration of the '575 patent, constitutes infringement by Somerset of one or more claims of the '575 patent under 35 U.S.C. § 271(e)(2)(A).

113.    Unless enjoined by this Court, upon FDA approval of Somerset's ANDA, Somerset will infringe one or more claims of the '575 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Somerset's ANDA Products into the United States. On information and belief, upon FDA approval of Somerset's ANDA, Somerset will intentionally

encourage acts of direct infringement with knowledge of the '575 patent and knowledge that its acts are encouraging infringement.

114.    Unless enjoined by this Court, upon FDA approval of Somerset's ANDA, Somerset will contributorily infringe one or more claims of the '575 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Somerset's ANDA Products into the United States. On information and belief, Somerset has had and continues to have knowledge that Somerset's ANDA Products are especially adapted for a use that infringes one or more claims of the '575 patent and that there is no substantial non-infringing use for Somerset's ANDA Products.

115.    PH Health will be substantially and irreparably damaged and harmed if Somerset's infringement of the '575 patent is not enjoined.

116.    PH Health does not have an adequate remedy at law.

117.    Somerset's infringement of the '575 patent would be willful, wanton, and deliberate.

118.    There is a justiciable controversy between the parties as to the infringement of the '575 patent.

**COUNT IX**
**(Infringement of the '362 Patent)**

119.    PH Health incorporates each of the preceding paragraphs as if fully set forth herein.

120.    Somerset, by submission of its Paragraph IV Certification as part of its ANDA to the FDA, has indicated that it seeks approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Somerset's ANDA Products, prior to the expiration of the Patents-in-Suit on January 30, 2035.

121.    Somerset's ANDA has been pending before the FDA since at least November 4, 2025, the date that Somerset sent the Somerset Notice Letter to PH Health.

122.    The submission of Somerset's ANDA to the FDA, which seeks approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Somerset's ANDA Products before the expiration of the '362 patent, constitutes infringement by Somerset of one or more claims of the '362 patent under 35 U.S.C. § 271(e)(2)(A).

123.    Unless enjoined by this Court, upon FDA approval of Somerset's ANDA, Somerset will infringe one or more claims of the '362 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Somerset's ANDA Products into the United States. On information and belief, upon FDA approval of Somerset's ANDA, Somerset will intentionally encourage acts of direct infringement with knowledge of the '362 patent and knowledge that its acts are encouraging infringement.

124.    Unless enjoined by this Court, upon FDA approval of Somerset's ANDA, Somerset will contributorily infringe one or more claims of the '362 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Somerset's ANDA Products into the United States. On information and belief, Somerset has had and continues to have knowledge that Somerset's ANDA Products are especially adapted for a use that infringes one or more claims of the '362 patent and that there is no substantial non-infringing use for Somerset's ANDA Products.

125.    PH Health will be substantially and irreparably damaged and harmed if Somerset's infringement of the '362 patent is not enjoined.

126.    PH Health does not have an adequate remedy at law.

127.    Somerset's infringement of the '362 patent would be willful, wanton, and deliberate.

128.    There is a justiciable controversy between the parties as to the infringement of the '362 patent.

**PRAYER FOR RELIEF**

WHEREFORE, PH Health respectfully requests the following relief:

A.      A judgment that Somerset has infringed the '026 patent under 35 U.S.C. § 271(e)(2)(A) by submitting or causing to be submitted to the FDA ANDA No. 219356, and a judgment that Somerset will directly infringe, contributorily infringe, and/or induce infringement of one or more claims of the '026 patent under 35 U.S.C. §§ 271(b) and/or (c) if Somerset commercially manufactures, uses, offers for sale, sells, and/or imports into the United States its ANDA Products before the expiration of the '026 patent;

B.      A judgment that Somerset has infringed the '233 patent under 35 U.S.C. § 271(e)(2)(A) by submitting or causing to be submitted to the FDA ANDA No. 219356, and a judgment that Somerset will directly infringe, contributorily infringe, and/or induce infringement of one or more claims of the '233 patent under 35 U.S.C. §§ 271(b) and/or (c) if Somerset commercially manufactures, uses, offers for sale, sells, and/or imports into the United States its ANDA Products before the expiration of the '233 patent;

C.      A judgment that Somerset has infringed the '234 patent under 35 U.S.C. § 271(e)(2)(A) by submitting or causing to be submitted to the FDA ANDA No. 219356, and a judgment that Somerset will directly infringe, contributorily infringe, and/or induce infringement of one or more claims of the '234 patent under 35 U.S.C. §§ 271(b) and/or (c) if Somerset commercially manufactures, uses, offers for sale, sells, and/or imports into the United States its ANDA Products before the expiration of the '234 patent;

D.      A judgment that Somerset has infringed the '422 patent under 35 U.S.C. § 271(e)(2)(A) by submitting or causing to be submitted to the FDA ANDA No. 219356, and a judgment that Somerset will directly infringe, contributorily infringe, and/or induce infringement

of one or more claims of the '422 patent under 35 U.S.C. §§ 271(b) and/or (c) if Somerset commercially manufactures, uses, offers for sale, sells, and/or imports into the United States its ANDA Products before the expiration of the '422 patent;

E.    A judgment that Somerset has infringed the '649 patent under 35 U.S.C. § 271(e)(2)(A) by submitting or causing to be submitted to the FDA ANDA No. 219356, and a judgment that Somerset will directly infringe, contributorily infringe, and/or induce infringement of one or more claims of the '649 patent under 35 U.S.C. §§ 271(b) and/or (c) if Somerset commercially manufactures, uses, offers for sale, sells, and/or imports into the United States its ANDA Products before the expiration of the '649 patent;

F.    A judgment that Somerset has infringed the '827 patent under 35 U.S.C. § 271(e)(2)(A) by submitting or causing to be submitted to the FDA ANDA No. 219356, and a judgment that Somerset will directly infringe, contributorily infringe, and/or induce infringement of one or more claims of the '827 patent under 35 U.S.C. §§ 271(b) and/or (c) if Somerset commercially manufactures, uses, offers for sale, sells, and/or imports into the United States its ANDA Products before the expiration of the '827 patent;

G.    A judgment that Somerset has infringed the '006 patent under 35 U.S.C. § 271(e)(2)(A) by submitting or causing to be submitted to the FDA ANDA No. 219356, and a judgment that Somerset will directly infringe, contributorily infringe, and/or induce infringement of one or more claims of the '006 patent under 35 U.S.C. §§ 271(b) and/or (c) if Somerset commercially manufactures, uses, offers for sale, sells, and/or imports into the United States its ANDA Products before the expiration of the '006 patent;

H.    A judgment that Somerset has infringed the '575 patent under 35 U.S.C. § 271(e)(2)(A) by submitting or causing to be submitted to the FDA ANDA No. 219356, and a

judgment that Somerset will directly infringe, contributorily infringe, and/or induce infringement of one or more claims of the '575 patent under 35 U.S.C. §§ 271(b) and/or (c) if Somerset commercially manufactures, uses, offers for sale, sells, and/or imports into the United States its ANDA Products before the expiration of the '575 patent;

I.    A judgment that Somerset has infringed the '362 patent under 35 U.S.C. § 271(e)(2)(A) by submitting or causing to be submitted to the FDA ANDA No. 219356, and a judgment that Somerset will directly infringe, contributorily infringe, and/or induce infringement of one or more claims of the '362 patent under 35 U.S.C. §§ 271(b) and/or (c) if Somerset commercially manufactures, uses, offers for sale, sells, and/or imports into the United States its ANDA Products before the expiration of the '362 patent;

J.    An order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any approval by the FDA of Somerset's ANDA No. 219356 be a date that is not earlier than the last expiration date of the Patents-in-Suit, including any extensions;

K.    Preliminary and permanent injunctions enjoining Somerset, its respective officers, agents, servants, employees, and those persons in active concert or participation with any of them, from the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Somerset's ANDA Products before the last expiration date of the Patents-in-Suit;

L.    An injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Somerset, its respective officers, agents, servants, employees, and those persons in active concert or participation with any of them, from the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Somerset's ANDA Products before the last expiration date of the Patents-in-Suit;

M.     An order that damages or other monetary relief be awarded to PH Health if Somerset engages in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of its ANDA Products before the expiration of the Patents-in-Suit for the full terms thereof (including any extensions), and that such damages or monetary relief be trebled and awarded to PH Health with prejudgment interest;

N.     A declaration that this is an exceptional case and an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

O.     Costs and expenses incurred by PH Health in this action; and

P.     Such other relief as the Court may deem just and proper.

Dated:  December 18, 2025

*Of Counsel:*

W. Blake Coblentz (*pro hac vice* to be filed)
Aaron S. Lukas (*pro hac vice* to be filed)
**COZEN O'CONNOR**
2001 M  Street, NW, Suite 500
Washington, DC 20036
(202) 912-4800
wcoblentz@cozen.com
alukas@cozen.com

Keri L. Schaubert (*pro hac vice* to be filed)
**COZEN O'CONNOR**
3 WTC, 175 Greenwich Street, 55th Floor
New York, NY 10007
(212) 509-9400
kschaubert@cozen.com

Anna Pedraza (*pro hac vice* to be filed)
**COZEN O'CONNOR**
One Liberty Place
1650 Market Street, Suite 2800
(212) 665-2000
apedraza@cozen.com

Respectfully submitted,

*/s/ Kaan Ekiner*
Kaan Ekiner (#5607)
**COZEN O'CONNOR**
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 295-2046
kekiner@cozen.com

*Attorneys for Plaintiff PH Health Limited*